UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                              )
                                    )     Chapter 7
DARCIE A. LUXA                      )
                                    )     Bankruptcy No. 06-01543
     Debtor.                        )


               **ORDER RE: U.S. TRUSTEE'S MOTION TO COMPEL**

     This matter came before the undersigned on December 22, 2006
pursuant to assignment.  Debtor Darcie Luxa was represented by
Attorney Janet Hong.  John Schmillen and Janet Reasoner appeared
for the U.S. Trustee.  After hearing arguments of counsel, the
Court took the matter under advisement.  This is a core
proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

                        **STATEMENT OF THE CASE**

     The U.S. Trustee seeks an order compelling Debtor to produce
documentation he requested to facilitate a review of the case
under §§ 704(b) and 707(b).  By letter dated December 13, 2006,
the U.S. Trustee requested documentation to support information
on Debtor's schedules and forms.  The letter explains that this
supporting documentation is requested in order to review the
material filed by Debtor.

     Debtor argues the U.S. Trustee is not entitled to the
information requested.  She urges that the U.S. Trustee should
pursue formal discovery or undertake a Rule 2004 exam in order to
comply with the Rules of Bankruptcy Procedure.  Debtor asserts
the U.S. Trustee's routine informal requests for such information
are not authorized by the Bankruptcy Code and are unduly
burdensome.  She argues § 704(b)(1) does not authorize the U.S.
Trustee to review any documentation other than the materials
filed by the debtor.

     Exhibit A to U.S. Trustee's Motion to Compel is a copy of
the December 13, 2006 letter the U.S. Trustee sent to Debtor's
counsel.  It lists 20 numbered paragraphs requesting documents.
The letter indicates the U.S. Trustee wishes to review these
documents in order to make a review of the case under § 707(b).

     Counsel for Debtor responded to that letter as set out in
Exhibit B.  She states: "I do not believe that the impromptu
inquiry into the background documents of my clients' cases is
warranted absent some adversary proceeding."  The U.S. Trustee's

further correspondence references its required review under
§ 704(b)(1) regarding whether a presumption of abuse exists in
the case and the time deadlines for making such a review.

**CONCLUSIONS**

> Section 704(b)(1)(A) states that the U.S. Trustee
>
> shall review all materials filed by the debtor and, not
> later than 10 days after the date of the first meeting
> of creditors, file with the court a statement as to
> whether the debtor's case would be presumed to be an
> abuse under section 707(b).

Counsel for Debtor argues that the U.S. Trustee is limited to
only "materials filed by the debtor" in making the review
required by this section.

> Under 28 U.S.C. 586(a)(3)(D), the U.S. Trustee is directed
to supervise the administration of bankruptcy cases by,
>
> whenever the United States trustee considers it to be
> appropriate--
>
> (D) taking such action as the United States trustee
> deems to be appropriate to ensure that all reports,
> schedules, and fees required to be filed under title 11
> and this title by the debtor are properly and timely
> filed.

Courts have noted that 28 U.S.C. § 586 grants to the office of
the U.S. Trustee pervasive powers and provides it with great
latitude as to its degree of involvement in bankruptcy cases.  <u>In
re Nieves</u>, 246 B.R. 866, 870 (Bankr. E.D. Wis. 2000).  The Eighth
Circuit has stated:

> The office of United States Trustee was established to
> "protect[ ] the public interest and ensur[e] that
> bankruptcy cases are conducted according to the law."
> H.R. rep. No. 95-595, at 109 (1977), <u>reprinted in</u> 1978
> U.S.C.C.A.N. 5963, 6070.  A United States Trustee "may
> be compared with . . . a prosecutor," <u>id.</u> at 6071, and
> "serve[s] as [a] bankruptcy watchdog[] to prevent
> fraud, dishonesty, and overreaching in the bankruptcy
> arena."  <u>Id.</u> at 6049.

<u>Charges of Unprofessional Conduct Against 99-37 v. Stuart</u>, 249
F.3d 821, 824 (8th Cir. 2001).

As the "watchdog" of the bankruptcy system, the U.S. Trustee has broad powers to oversee the administration of cases and determine the degree of its involvement in bankruptcy cases. In this case, and in other Chapter 7 cases, the U.S. Trustee has requested documentation to support the figures in Debtor's schedules and forms. Section 704(b) should not be read to limit the U.S. Trustee's authority to only review filed materials. If the U.S. Trustee determines that additional documentation is necessary, it is within its authority under 28 U.S.C. § 586 to request such documentation.

Counsel for Debtor is asking for a blanket prohibition against the U.S. Trustee carrying out its duties, which the Court is not inclined to give. If debtors have specific objections to specific requests for information by the U.S. Trustee, these can be brought before the Court by motion with all the due process accorded contested matters. In this case, Debtor wishes to be relieved from making any response to the U.S. Trustee's requests for documentation. The Court finds the U.S. Trustee's requests by letter are not improper under the Bankruptcy Code and Rules. As such, the Motion to Compel should be granted.

**WHEREFORE**, U.S. Trustee's Motion to Compel is GRANTED.

**FURTHER**, Debtor is directed to produce the requested documentation within 14 days of the date of this order.

DATED AND ENTERED: January 22, 2007

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE